Rowe, J.
This is an action of contract in which the plaintiff seeks to recover according to the tenor of certain promissory notes and conditional sales contract securing them. There was a finding for the defendant and the plaintiff claims to be aggrieved relative to the action of the trial judge concerning its requests for rulings of law.
From the plaintiff’s evidence it appeared that the defendant purchased an automobile from the Quincy Auto Exchange, giving 12 promissory notes and a conditional sales contract therefor, that the plaintiff became the indorsee of the notes and the assignee of the conditional sales contract, that the plaintiff with reference to said notes and prior to the said transfer of the notes and contract, had issued to the Quincy Auto Exchange, a so- *500 called “single interest collision” insurance policy which had become due by reason of a collision, and the insurance thereon was paid by the plaintiff to its insured and received title to the notes and contract, and further that the defendant had no interest in the coverage by the above policy.
The defendant offered no evidence.
The trial judge asked counsel if the defendant paid for the policy. Counsel for the defendant said, “Yes.” Counsel for the plaintiff said that he assumed that the premium was figured into the purchase price of the car.
Among the requests for rulings filed by the plaintiff was the following: “8. The plaintiff is a bona, fide holder, for value of the notes sued on.” The court denied this request, together with certain other requests, and filed the following, “I find that when the plaintiff paid to Quincy Auto Exchange the amount due on the policy such amount should have been applied in satisfaction of the amount due from the defendant to Quincy Auto Exchange on the conditional sale agreement and notes and that the notes were thereby paid.”
Except for the matter of the insurance the case is the picture of an action by the indorsee against the maker of the notes.
Although the plaintiff’s eighth'request might well have been more aptly phrased to present the real question desired, it is evident from the reading of the request, its denial, the question put to both counsel by the trial judge, and his special finding, that the issue considered by the' trial judge was as to whether the notes were still existing obligations in the hands of the plaintiff as indorsee, or, as shown by the special finding, were really extinguished when the plaintiff made payment to the Quincy Auto Exchange.
*501 We are of the opinion that the notes were outstanding obligations in the hands of the plaintiff, and that the matter of the insurance does not change the situation. Counsel for the defendant, in reply to the court’s question, had stated that the premium had been paid by the defendant, and it is probable that the court considered that she therefore had a beneficial interest in the insurance, resulting in the notes becoming extinguished when the plaintiff made payment to the Quincy Auto Exchange.
Counsel for the plaintiff contends that statements of counsel in a trial cannot be taken as an admission binding on the plaintiff when there is no direct evidence on the point. He is not wholly correct in that contention, as “it is common practice for a judge to accept as facts statements made by counsel and not disputed and use them as basis for action. There is no error in this aspect.” Boucher v. Hamilton Mfg Co., 259 Mass. 259, 267.
But in the case at bar the only concession made by counsel for the plaintiff was an assumption that the premium was figured into the purchase price of the car. This assumption as to one of the details which the vendor had considered in arriving at his total sale price was far from a concession that the defendant had a beneficial interest in the insurance policy.
The trial judge was in error when he denied the plaintiff’s 8th request and found for the defendant, and the plaintiff is entitled to a new trial. So ordered.